UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACEY J. MURPHY, an individual,<br><br>                Plaintiff,<br><br>    v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No. 2:25-cv-08202-SPG-MBK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br>**[ECF NO. 15]** |

Before the Court is the Motion to Remand (ECF No. 15 ("Motion")) filed by Plaintiff Jacey J. Murphy ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

**I.    BACKGROUND**

On or about July 31, 2019, Plaintiff purchased a 2019 Chevrolet Silverado, manufactured and sold by Defendant General Motors LLC ("Defendant"). (ECF No. 1-1 ("FAC") ¶¶ 6, 9). When Plaintiff purchased the vehicle, she received express written warranties that provided that, in the event of a nonconformity during the warranty period, Plaintiff could deliver the vehicle to Defendant's authorized service facilities for repair.

(*Id.* ¶ 11). During the warranty period, the vehicle developed exhaust system defects that impaired the vehicle's use, value, and safety. (*Id.* ¶ 12). Plaintiff delivered the vehicle to Defendant, which failed to repair the vehicle even after a reasonable number of opportunities to do so. (*Id.* ¶¶ 13-14). Plaintiff states that, in light of the nonconformities, she justifiably revoked acceptance of the vehicle and exercised her right to cancel the contract. (*Id.* ¶ 23).

Plaintiff asserts claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), the federal Magnuson Moss Warranty Act ("MMWA"), California's Uniform Commercial Code ("UCC"), and California's Consumer Legal Remedies Act ("CLRA"). (*Id.* at 3-11). As relief, Plaintiff seeks actual damages, restitution, civil penalties, remedies authorized by California Commercial Code §§ 2711-13, and attorney's fees. (*Id.* at 11-12).

Plaintiff initiated this action in Los Angeles County Superior Court on February 7, 2025, (ECF No. 1 at 1), and filed her first amended complaint on April 2, 2025. (FAC at 2). Plaintiff's Counsel attests that Plaintiff produced a copy of the vehicle's sales agreement and all repair orders during prelitigation discussions in January 2025. (ECF No. 15-1 ("Yang Declaration") ¶ 7). Defendant filed an answer on June 25, 2025. (ECF No. 1-2). Defendant removed the action to this Court on August 29, 2025. (ECF No. 1). Plaintiff filed the instant Motion on September 26, 2025. (Mot.). Defendant filed an opposition on October 29, 2025, (ECF No. 21 ("Opposition")), and Plaintiff replied in support of the Motion on November 5, 2025, (ECF No. 22 ("Reply")).

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is

diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

Federal law sets forth two separate deadlines, which, if triggered, require a defendant to initiate removal within thirty days: (1) following service of an initial pleading that affirmatively reveals the basis for removal; or (2) if "the case stated by the initial pleading is not removable," following receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). The first thirty-day deadline "only applies if the case stated by the initial pleading is removable on its face," as determined "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The second deadline, meanwhile, is only triggered where "an amended pleading, motion, order, or other paper . . . [makes] a ground for removal unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). A defendant may remove a case "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. DISCUSSION

#### A. Timing of Removal

Plaintiff's primary argument in favor of remand is that Defendant's notice of removal was untimely. First, Plaintiff argues that removability was clear on the face of the

initial complaint because the complaint contained a claim under the MMWA, which is a federal cause of action. (Mot. at 11). However, while the MMWA creates a federal cause of action, such claims cannot serve as the basis for federal question jurisdiction unless the amount in controversy equals or exceeds "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined" in the suit. 15 U.S.C. § 2310(d)(3)(B); *see Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."). Thus, Plaintiff must still show that the amount in controversy was evident from the face of the Complaint to trigger the thirty-day deadline.

Next, Plaintiff argues that the initial complaint contained sufficient allegations such that Defendant could plausibly allege satisfaction of the amount in controversy requirement. (Mot. at 13). Plaintiff cites to *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), for the proposition that a notice of removal requires only plausible allegations that the threshold requirements are met. However, *Dart* set out the standard for a defendant's notice of removal, not the standard to trigger either of the thirty-day deadlines in § 1446(b). See *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) ("[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin."). As set forth above, the standard here is not whether the complaint contains sufficient allegations such that Defendant could plausibly allege federal jurisdiction, but whether "the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694.

Plaintiff also argues that "Defendant had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold." (Mot. at 13). Specifically, Plaintiff points to allegations establishing the make, model, year, and VIN of the vehicle, which would allow Defendant "to ascertain an approximation" of the vehicle's market value. (*Id.*). Plaintiff also argues that the complaint

lays out the specific forms of statutory relief sought, such that Defendant could calculate an approximate amount in controversy. (*Id.* at 14). Plaintiff also suggests that, because the complaint stated it was being brought under the state court's unlimited jurisdiction, Defendant knew that it sought damages of at least $35,000. (*Id.*).

The Ninth Circuit has previously rejected such arguments. A defendant is required to examine only "the four corners of the applicable pleadings" and need not rely on "subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. Even if Defendant had documents in its possession from which it could approximate the amount in controversy, it was not required to "rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable." *Carvalho v. Equifax Inf. Servs., LLC*, 629 F.3d 876, 885-86 (9th Cir. 2010). Thus, absent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline. *See, e.g.*, *Alvarez-Munguia v. Ford Motor Co.*, No. 23-cv-02751-BLF, 2024 WL 69076, at *2 (N.D. Cal. Jan. 5, 2024) (concluding that complaint did not trigger thirty-day removal deadline because it alleged only categories of relief and did not identify any "specific measure of damages, nor [did] it allege the amount of attorneys' fees and costs incurred"); *Pastrana v. Nissan N. Am., Inc.*, No. 8:24-cv-00515-FWS-ADS, 2024 WL 2817533, at *2 (C.D. Cal. June 3, 2024) (concluding that thirty-day deadline was not triggered where "the Complaint does not list a dollar amount corresponding to the damages"). While it is true that the complaint's invocation of the state court's unlimited jurisdiction revealed that Plaintiff sought damages of at least $35,000, this information was not sufficient to show that that the complaint met the amount-in-controversy requirement for the MMWA or diversity jurisdiction. Plaintiff does not point to anywhere in the Complaint that affirmatively revealed the amount in controversy. Accordingly, the first thirty-day deadline in § 1446(b) was not triggered.

In her Reply, Plaintiff also argues that removal was untimely based on Plaintiff's prelitigation disclosure of the sales agreement and repair orders for Plaintiff's vehicle,

which Plaintiff contends "supplied every data point necessary to calculate the amount in controversy and determine removal." (Reply at 6); *see* (Yang Decl. ¶ 7). To the extent Plaintiff seeks to invoke the first thirty-day removal period based on prelitigation disclosures, this argument is again foreclosed by *Harris*, which held that this deadline only comes into play if removability is ascertainable from "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. Because the complaint here did not allege the contents of the sales agreement and repair orders or otherwise concretely allege the amount in controversy, Plaintiff's prior disclosure of these documents does not trigger the first thirty-day removal period. As to the second thirty-day removal period, the Ninth Circuit has explained that "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." *Carvalho*, 629 F.3d at 886. The Ninth Circuit similarly rejected the argument that "a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Id.* Thus, Plaintiff's prelitigation disclosures did not trigger either of the removal deadlines in § 1446(b).

Finally, Plaintiff argues that Defendant's notice of removal does not cite to any "amended pleading" or "other paper" that provided new information from which Defendant could ascertain the amount-in-controversy. (Mot. at 15). But a party removing a case outside of the first thirty-day window need not point to a specific amended pleading or other paper that made the case removable. Rather, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1125. Because neither of the thirty-day deadlines was triggered here, Defendant could properly remove the case within a year of its commencement.

### B. Amount In Controversy

In the alternative, Plaintiff argues that Defendant has failed to carry its burden of establishing that the amount-in-controversy exceeds $50,000. (Mot. at 15-17). Where a

plaintiff contests removal, the defendant bears the burden to "show the amount in controversy by a preponderance of the evidence," *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022), meaning that it is "more likely than not that the amount in controversy" exceeds the jurisdictional threshold, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). As such, the defendant "need not present evidence of what its ultimate liability will be" and may rely on "a chain of reasoning that includes assumptions to calculate the amount in controversy." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (internal quotation marks and citation omitted).

In its notice of removal, Defendant states that the purchase price of the subject vehicle was $65,696.16. (ECF No. 1 at 5). Defendant estimates that the applicable deductions under the Song-Beverly Act amount to $9,225.98, based on mileage offsets, third-party service contracts, the manufacturer's rebate, and negative equity. (*Id.*). Defendant also seeks to include both civil penalties and attorney's fees in the calculation of the amount-in-controversy. (*Id.* at 5-6). In its Motion, Plaintiff argues that the estimate of the vehicle's value is speculative and that Defendant has ignored the statutory mileage offset. (Mot. at 15-16). Plaintiff also argues that Defendant cannot include civil penalties in the calculation because it has not shown that such penalties are anything more than conjectural. (*Id.* at 16). Finally, Plaintiff argues that Defendant's assertion that attorney's fees up to this point are more than $5,000 is too speculative to establish jurisdiction. (*Id.* at 17).

The Court finds that Defendant's arguments are sufficient to establish the amount in controversy by a preponderance of the evidence. Defendant's estimate of the purchase price of the vehicle is based on the sales agreement provided by Plaintiff, which shows that the total sale price was $65,696.16. (ECF No. 21-2). Defendant's counsel also explains the basis for calculating the statutory offsets, based on the 14,333 miles on the odometer

-7-

and the remaining balance on Plaintiff's loan. *See* (ECF No. 21-1 ("Etemadieh Declaration") ¶¶ 3-4). Although Plaintiff repeatedly asserts that Defendant has not addressed the mileage offset, (Mot. at 16; Reply at 10), it appears to the Court that Defendant has specifically addressed this. *See* (Etemadieh Decl. ¶ 3; ECF No. 1 at 5). Because Defendant's estimates of the purchase price and offsets are based in actual data about Plaintiff's vehicle, it appears to the Court that Defendant's "reasoning and underlying assumptions are reasonable." *Jauregui*, 28 F.4th at 993. Thus, the actual damages at issue in this case are approximately $56,470.18, which is sufficient by itself to meet the MMWA's amount in controversy threshold. It is therefore unnecessary for the Court to decide whether attorney's fees and civil penalties are adequately supported.[1]

---

[1] The Court notes, however, that the Ninth Circuit has made clear that attorney's fees "may be included in the amount in controversy" under the MMWA where, as here, they are available under state law. *Shoner*, 30 F.4th at 1148; *see* Cal. Civ. Code § 1794(e)(1). While the Ninth Circuit has not addressed whether civil penalties are included in this calculation, it has expressed skepticism that the amount in controversy in MMWA cases should be assessed differently than in diversity cases, *see id.*, and in diversity cases, "both actual and punitive damages . . . must be considered to the extent claimed in determining jurisdictional amount," *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). Applying similar logic, several district courts in this Circuit have concluded that civil penalties are properly included in calculating the amount-in-controversy under the MMWA. *See Romo*, 397 F. Supp. 2d at 1239 ("The Court finds that Plaintiff could recover significant civil penalties under the Magnuson-Moss Act, and that these sums can be considered in the amount in controversy equation."); *Lazorosas v. Mercedes-Benz USA, LLC*, No. 8:24-cv-01161-JWH-DFM, 2025 WL 40483, at *2 (C.D. Cal. Jan. 7, 2025) ("Courts routinely include civil penalties when calculating the amount-in-controversy for Magnuson-Moss purposes."); *see also Brady v. Mercedes–Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002) (holding that Song–Beverly Act's civil penalties should be included in amount in controversy requirement for diversity jurisdiction).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion to Remand.

**IT IS SO ORDERED.**

DATED: November 21, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE